1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    United States of America,                    No. CR-11-08086-001-PCT-MTL

10                     Plaintiff,                  **ORDER**

11   v.

12   Timothy Yazzie,

13                     Defendant.

14

15         Pending before the Court is Timothy Yazzie's Motion for Compassionate

16   Release/Reduction in Sentence.  (Doc. 145.)  Having considered Yazzie's motion and the

17   Government's response (Docs. 145, 153), as well as Yazzie's health records (Doc. 157),

18   the Court denies Yazzie's motion.

19   **I.     BACKGROUND**

20         In December 2011, a jury found Yazzie guilty on three counts of aggravated sexual

21   abuse of a minor for repeatedly raping his thirteen-year-old stepdaughter.  (Doc. 94, *see*

22   *also* Docs. 118–120.)  During his pretrial incarceration, Yazzie spoke to his mother on the

23   recorded jail phone line about a "wild little Mustang" who could be "hit behind the head"

24   and if so, then "it will all be over" and "it will just be thrown out."  (Doc. 119 at 209–210.)

25   Yazzie also told his mom to "Do it now.  That way it will be faster and they just have to

26   let me go.  That way there's nothing to hold me down."  (*Id.* at 213.)

27         In March 2012, Yazzie was sentenced to 420 months of imprisonment on each

28   count, to be served concurrently (with credit for time served).  (Doc. 105.)  Yazzie has

served approximately 10 years of his 35-year sentence.  (*See* Doc. 105.)

In July 2020, Yazzie filed a motion to the Bureau of Prisons ("BOP") requesting compassionate release.  (Doc. 145.)  His request was denied in August 2020.  (*Id.* at 4.)  Yazzie subsequently filed a motion to appoint counsel and a *pro se* motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  (Doc. 144, 145, 147.)  Yazzie's counsel did not file a supplemental motion.  (Doc. 152.)  The Government timely responded.  (Doc. 153.)

## II.     LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"  *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).  Compassionate release is an exception to this general rule, allowing a court to reduce a term of imprisonment if a defendant meets certain requirements.  *See* 18 U.S.C. § 3582(c)(1)(A).  "Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director."  *United States v. Partida*, No. CR 17-08260-001-PCT-DGC, 2020 WL 3050705, at *1 (D. Ariz. June 8, 2020).  Now, as part of the First Step Act of 2018, a defendant may bring a motion for compassionate release under § 3582(c) after first exhausting all administrative rights with the BOP.  *See id.* at *2; *United States v. Johns*, No. CR 91-392-TUC-CKJ, 2019 WL 2646663, at *1–2 (D. Ariz. June 27, 2019).

To grant compassionate release, a court must find that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit has held that "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'"  *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)).  Further, U.S.S.G. § 1B1.13 provides "extraordinary and compelling reasons" that include (1) a medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) other reasons as determined by the Director of the BOP.  *See* U.S.S.G. § 1B1.13 n.1; *see also Johns*,

2019 WL 2646663, at *1–2.   While the Ninth Circuit has determined that U.S.S.G. § 1B1.13 is not binding when a prisoner, rather than the Director of the BOP, moves for compassionate release, it may still "inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 993 F .3d at 802.

In addition to showing extraordinary and compelling reasons, a district court may, but is not required to, consider whether a defendant has shown he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13; *see Aruda*, 993 F.3d at 800.   Section 3142(g) lists factors to be considered in this determination including the nature and circumstances of the offense, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the danger that the defendant would pose to the community.  *See* 18 U.S.C. § 3142(g).  "A defendant bears the burden of demonstrating that he poses no danger to the community upon release."  *United States v. Magana-Lopez*, No. CR-11-04200-001-TUC-RCC (JR), 2020 WL 6827766, at *4 (D. Ariz. Nov. 20, 2020).

Finally, Section 3582(c) also requires a court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" when analyzing a motion for compassionate release. The § 3553(a) factors include:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

*United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013) (citing 18 U.S.C. § 3553(a)). To grant compassionate release, a court must find both an extraordinary and compelling reason for compassionate release and that the § 3553(a) factors warrant compassionate release.  *See Magana-Lopez*, 2020 WL 3574604, at *2 (considering extraordinary and compelling reasons and § 3553(a) factors separately); *United States v. Platt*, No. 18-cr-195-WJM, 2020 WL 3839847, at *3 (D. Colo. July 8, 2020) (same).  Thus, "compassionate

release 'due to a medical condition' is generally treated as 'an extraordinary and rare event.'" *United States v. Hearron*, No. CR 91-392-2-TUC-CKJ, 2020 WL 4569556, at *5 (D. Ariz. Aug. 7, 2020) (quoting *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019)).

## III.   DISCUSSION

First, the Court must determine whether Yazzie has exhausted the appropriate administrative remedies.  Second, the Court will analyze whether there are extraordinary and compelling reasons warranting Yazzie's release.  Third, the Court will decide whether Yazzie poses a danger to the community.  Finally, the Court considers whether the § 3553(a) factors warrant Yazzie's release.

### A.   Administrative Exhaustion

Under the First Step Act of 2018, a court may reduce a sentence where "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf **or** the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).  Even if the warden denies a request within thirty days, making a formal request and allowing thirty days to lapse before filing a suit satisfies the exhaustion requirement.  *See, e.g.*, *United States v. Fields*, 457 F. Supp. 3d 726, 730–731 (D. Alaska 2020).  Yazzie filed a motion for compassionate release with the BOP on July 16, 2020.  (Doc. 145 at 1.)  That motion was denied August 11, 2020.  (Doc. 145 at 4.)  The Government concedes that thirty days have passed since Yazzie made his compassionate release request to the warden.  (Doc. 153 at 11.)  Accordingly, Yazzie has exhausted his administrative remedies.

### B.   Merits

Upon exhaustion of administrative remedies, defendant is then required to show that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(ii).  The Sentencing Commission has looked to several factors in the determination of an "extraordinary and compelling reason" for compassionate release to

include considerations of 1) a defendant's serious advanced illness or medical condition; 2) whether the defendant is at least 65 and experiencing physical or mental health problems due to his/her advanced age, and the length of time incarcerated; 3) specific family circumstances; and 4) other reasons as determined appropriate by the Director of the BOP. *See* U.S.S.G. § 1B1.13 cmt. 1(A)–(B).   However, the Sentencing Commission has not updated U.S.S.G. § 1B1.13 since the First Step Act amended § 3582(c)(1)(A) in 2018.   The Ninth Circuit has therefore held, that when a compassionate release motion is brought forth by a defendant, U.S.S.G. § 1B1.13 is not a binding "applicable policy statement."  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).   Therefore, the Sentencing Commission's guidelines may inform, but do not bind, this Court.  *Id.*  The Court must also "consider [] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c).  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims."  *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

### i.   Extraordinary and Compelling Reasons

Yazzie contends his chronic bowel and stomach pain as well as other medical issues require him to see a medicine man and participate ceremonies such as "an enemy way ceremony, ghost way ceremony, blessing way ceremony, and a deer way ceremony." (Doc. 145 at 1.)  Yazzie has been fully vaccinated against COVID-19.[*]  (Doc. 153 at 15.)  While the Court is sympathetic to Yazzie's potential health concerns, no extraordinary and

---

[*] Yazzie does not make any arguments regarding his risk of contracting COVID-19 in a BOP facility.  Even if he did, the CDC does not list the gastrointestinal issues that Yazzie describes on its list of people who are more likely to get severely ill from COVID-19.  *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 11, 2022).  Accordingly, Yazzie's gastrointestinal issues do not provide adequate grounds for compassionate release.

1    compelling justifications warrant his compassionate release.

2           Yazzie does not provide any medical documentation to support his claim of

3    debilitating medical condition. (Doc. 145.) He claims he has frequent diarrhea and the

4    medication he takes "barely helps." (*Id.* at 8.) Yazzie writes that "medical thinks its

5    Crohn's disease so far." (*Id.*) Crohn's disease does not generally meet the extraordinary

6    and compelling standard. *United States v. Rogers*, No. 1:16-CR-00072-NONE, 2020 WL

7    5440352, at *6 (E.D. Cal. Sept. 10, 2020) (denying compassionate release to a prisoner

8    with Crohn's disease even though he has "constant abdominal pain"); *see also United*

9    *States v. Serb*, No. 1:14-CR-00048-DCN-1, 2021 WL 1517976, at *3 (D. Idaho Apr. 15,

10   2021) (denying compassionate release to a prisoner with Crohn's disease whose condition

11   and medication made him more likely to contract COVID-19). Even if Yazzie's condition

12   is not Crohn's disease, "[c]hronic conditions that can be managed in prison are not a

13   sufficient basis for compassionate release." *United States v. Ayon-Nunez*, No. 1:16-cr-

14   00130-DAD, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020).

15          Yazzie also argues that his 27-year-old daughter lost her mother and is "taking it

16   hard." (*Id.* at 9.) But U.S.S.G. § 1B1.13 provides extraordinary and compelling reasons

17   can exist given "the death or incapacitation of the caregiver of the defendant's *minor* child

18   or *minor* children." U.S.S.G. § 1B1.13 cmt. n1(C)(i). Yazzie's 27-year-old daughter does

19   not qualify as a minor child so the Court does not find this to be an extraordinary and

20   compelling reason.

21          Accordingly, the Court concludes that Yazzie has not demonstrated extraordinary

22   and compelling reasons for his compassionate release. While the lack of extraordinary and

23   compelling reasons is enough to end the Court's analysis, the Court will also examine the

24   danger that Yazzie poses to the community and the 18 U.S.C. § 3553(a) factors.

25          **ii.   Danger to Community and § 3553(a) Factors**

26          Theoretically, if Yazzie were to have established extraordinary and compelling

27   circumstances warranting his compassionate release, the Court could still deny his motion

28   for compassionate release if it finds that he poses a danger to the community. *See United*

*States v. Capito*, No. CR-10-08050-001-PCT-MTL, 2020 WL 5846608, at *5 (D. Ariz. Oct. 1, 2020).  Yazzie bears the burden of demonstrating that he poses no danger to the community upon release.  *Magana-Lopez*, 2020 WL 6827766, at *4.

Yazzie completed a fifteen-hour Victim Impact Group class in May 2018.  (Doc. 145 at 7.)  Yazzie has post-release work plans, including living with his elderly mother and helping to care for her home, and seeking a job in the construction field. (*Id.* at 2, 5.)  But this is insufficient to overcome the danger to the community that Yazzie poses.

After he was arrested, Yazzie placed phone calls from the jail asking to have victim R.J. "bludgeoned to death" to guarantee 'there will be nothing, no one, no one to testify against me." (Doc. 119 at 210, 213.)  Given the gravity and severity of Yazzie's criminal history, Yazzie has failed to carry his burden of showing he is not a danger to the community.  *See Capito*, 2021 WL 4552954, at *7.

Next, the Court analyzes the "nature and circumstances of the offense."  If the nature and circumstances of Yazzie's crime are such that a reduction in time served would not reflect the seriousness of his actions, then that is evidence that the Court should not release him.  *See, e.g.*, *United States v. Rice*, No. 12-cr-818-PJH, 2020 WL 3402274, at *3 (N.D. Cal. June 19, 2020) (finding, in part, that the nature of defendant's crime did not warrant reducing defendant's prison sentence).  Yazzie forcibly raped R.J. over a period of ten months and showed her pornography.  (Doc. 102 at 2–3.)  He also threatened to cut off the fingers and hands of the other children in the house.  (*Id.*)

The Court holds that reducing Yazzie's sentence or releasing him would undermine the goals that his sentence "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and be consistent with "the sentencing ranges" as established for Yazzie's crimes.  18 U.S.C. § 3553(a)(2)(A)–(C), (4), (6).  The government asked for lifetime imprisonment for Yazzie. (Doc. 102 at 2.)  The Court sentenced Yazzie to 420 months of imprisonment plus supervised release for life.  (Doc. 105 at 1–2.)  Yazzie has currently served approximately

10 years of his 35-year sentence.  (*See id*.)  To release Yazzie before he is even halfway through his sentence does not comport with the § 3553(a) policy factors.  *United States v. Magana-Lopez*, No. CR-11-04200-001-TUC-RCC (JR), 2020 WL 6827766, at *2 (D. Ariz. Nov. 20, 2020) (noting that denial of compassionate release is appropriate when the § 3553(a) factors weigh against release).

**IV.   CONCLUSION**

Accordingly,

**IT IS ORDERED denying** Timothy Yazzie's Motion for Compassionate Release/Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1).  (Doc. 145.)

Dated this 11th day of April, 2022.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge